MINOR H. GREENE, APPPELLANT, *v.* THE UNITED STATES DEALERS' PROTECTIVE ASSOCIATION AND MERCANTILE AGENCY, RESPONDENT.

NEWTON A. CALKINS, APPELLANT, *v.* SAME, RESPONDENT.

*Libel — action to restrain the publication of the name of the plaintiff, as a delinquent debtor — what must be shown in order to obtain a temporary injunction.*

In an action brought to restrain the publication of a libel, to the effect that the plaintiff refuses and neglects to pay debts justly due from him, a temporary injunction restraining the publication of the libel during the pendency of the action will not be granted unless the falsity of the charge that the plaintiff is a delinquent debtor who can, but will not pay, be proved.

APPEAL from an order of the Special Term dissolving an injunction.

On the 25th day of August, 1885, the plaintiff commenced this action for the purpose of obtaining a perpetual injunction, to restrain the defendant corporation, created under the laws of Pennsylvania and having one of its principal offices in the city of New York, from publishing the plaintiff's name as a delinquent debtor and circulating such publication among its members throughout the United States and Canada. On the 25th day of August, 1885, on plaintiff's application, an injunction order was granted restraining such publication, pending the determination of this action. The defendant moved affirmatively to vacate or dissolve the injunction, which motion was granted.

The order enjoined the publication of plaintiff's name as a delinquent debtor, as threatened in several letters of the defendant.

*N. A. Calkins*, for the appellant.

*N. C. Moak*, for the respondent.

LANDON, J. :

The following opinion was given at Special Term :

PECKHAM, J. — I think this injunction must be dissolved, even if it be assumed that the court can grant injunctions to restrain publications of a libel (and the English courts have gone to that extent), yet where such jurisdiction is claimed the courts refuse to exercise it by granting an injunction unless the plaintiff prove the publication to be untrue. (*Quartz Hill, etc., Mining Co.* v. *Beall*, L. R., 20 Ch. Div., 501.)

This decision is made while recognizing the general right to issue an injunction in an action to restrain the publication of a libel. (*Thorley's Cattle Food Co.* v. *Massam*, L. R., 14 Ch. Div., 763; *Thomas* v. *Williams*, Id., 864; *Hill* v. *Davies*, L. R., 21 Ch. Div., 798.) These decisions are based generally upon the extension of the jurisdiction to issue an injunction granted by the late judicature acts. The courts in this State have not gone so far, as I think. But assuming they have, there is no proof of the falsity of the charge that plaintiff is a delinquent debtor who can, but will not, pay. The complaint does not allege the falsity. The counsel for plaintiff, in his argument and brief, admits the truth of the statement that plaintiff can, but does not, pay. I do not intend to decide

off-hand that an action at law to recover damages for the publication of such a statement may not be sustained. I express no opinion on that question. I do say that until such action has been sustained, while no denial of the truth of the allegations of ability and omission to pay is made, an injunction ought not to issue. In any event not until trial of the action.

Concurring in the above opinion, we add : The plaintiff's ability to pay existing, and being conceded, he has no moral right to buy goods and refuse to pay for them. A part of the injury which he charges the intended publication will cause him, is obviously the impairment of his credit resulting from a wider knowledge among tradesmen of his transactions with the three tradesmen mentioned in the proposed publication. He invokes the aid of the court to preserve him from the injury which a knowledge of his transactions will cause. He proposes no reform in his methods, no abstinence from a repetition of his practices. He does not come into court with clean hands, and equity upon familiar principles should withhold from him its assistance either in his repetition of the practices or in shielding him from the consequences resulting from a wider knowledge of them.

The order should be affirmed, with ten dollars costs and printing disbursements. The answer is not frivolous, and the order denying judgment should be affirmed, with ten dollars costs and printing disbursements. (Same orders in *Newton A. Calkins* v. *Same Defendant.*)

LEARNED, P. J., and BOOKES, J., concurred.

Orders affirmed, with ten dollars costs and printing disbursements in each case.